HIGHLANDVIEW NURSING HOMES, INC., APPELLEE, *v.* TOTALCARE, INC., APPELLANT.

(No. 72-CA-8—Decided March 13, 1973.)

APPEAL: Court of Appeals for Miami County.

*Mr. William M. Harrelson,* for appellee.
*Mr. Charles E. Hager* and *Mr. J. G. Tourkow,* for appellant.

KERNS, J. This is an appeal from a judgment of the Court of Common Pleas of Miami County granting an injunction to the plaintiff, Highland View Nursing Homes, Inc., appellee herein, which prohibits the defendant, Totalcare, Inc., appellant herein, from constructing and operating a nursing home on premises located in Troy, Ohio.

On March 1, 1963, Daniel Taubman and Naomi M. Taubman owned a tract of land known as Highland Park, which contained approximately twenty-nine acres. At that time, the Taubmans entered into a lease with Highland View Nursing Homes, Inc., for a term of fifteen years covering part of the twenty-nine acre parcel. This lease was duly recorded and contained the following provision:

"9. *Limitation of Competition.* Lessors shall not operate or permit to be operated on any of the remaining area now owned by them and formerly known as Highland Park either a nursing home, rest home, mild mental patient facility or alcoholic home such as are licensed by the Department of Health of the State of Ohio, said land being further described as follows: [then follows a metes and bounds description of the 29.559 acres of the land owned by lessors]."

On June 30, 1967, Daniel and Naomi Taubman conveyed 8.275 acres of the land involved in the lease to Robert Gradsky. On March 2, 1970, the defendant herein, Totalcare, Inc., made an offer to purchase the Gradsky property, which was contingent, among other things, upon the obtaining of zoning clearance to build and operate a nursing home upon the premises. This offer was accepted by Allan Gradsky, as executor of the estate of Robert Gradsky, on March 25, 1970.

On July 30, 1970, an application for a zoning certificate to build a nursing home on the Gradsky land was made by Totalcare, Inc., with the board of zoning appeals for Miami County. At the time of the hearing before the board of zoning appeals, the plaintiff objected to the issuance of a building permit to the defendant on the grounds that the use of the land for nursing home purposes was prohibited by the restrictive covenant in the lease from the Taubmans to Highland View Nursing Homes, Inc.

The notice mailed by the Miami County board of zoning appeals on September 10, 1970, was the first knowledge of the plaintiff of the proposed action of the defendant, and the defendant admits receiving personal notice of the lease restriction as of September 28, 1970.

Subsequently, the defendant was granted a building permit pursuant to its application, and on September 29, 1970, Totalcare, Inc., advised Mr. Gradsky that all contingencies on which their agreement for the purchase of the Gradsky property was predicated had been fulfilled. On November 13, 1970, Gradsky conveyed the land to Totalcare, Inc.

The only issue of any consequence in this appeal is whether the trial court erred in enforcing the restrictive covenant in the lease from the Taubmans to Highland View Nursing Homes, Inc., against Totalcare, Inc.

The restrictive clause in the lease is personal in nature and does not constitute a covenant running with the land since it was not contained in the chain of title from the Taubmans to Totalcare, Inc. *Gillen-Crow Pharmacies, Inc.,* v. *Mandzak,* 5 Ohio St. 2d 201. However, it is generally accepted that a restrictive covenant in a lease, which is designed to prevent competitive use of the premises retained by the covenantor, is enforceable in equity by way of injunctive relief as against all parties who take the restricted premises with *notice* of the restrictive covenant. Annotation, 97 A. L. R. 2d 4 at 76; 51C Corpus Juris Secundum 619, Landlord & Tenant, Section 238; *Gillen-Crow Pharmacies, Inc.,* v. *Mandzak, supra.*

This being the state of the law, the narrower question presented herein is whether the trial court erred in its factual determination that Totalcare, Inc., had actual notice of the restrictive covenant. In this regard, the appellant admits receiving personal notice of the lease restriction prior to the conveyance of the real estate from Gradsky, but argues that it was legally bound by the contract of purchase prior to the actual receipt of the notice of the restrictive covenant.

In our opinion, the fallacy of the argument of the defendant stems from the fact that the actual knowledge pos-

sessed by it, as purchaser, prior to the fulfillment of the contingencies in the contract and prior to the conveyance of the real estate, must also be ascribed to the seller, Gradsky, because he was not in a position at that time to deliver a deed free and clear of the restrictive covenant. For obvious reasons, the purchaser with knowledge cannot completely ignore the restrictive covenant, and then defend on the ground that the seller had no knowledge of the restriction. Where a buyer and seller are pursuing common interests, both are chargeable with knowledge of existing rights and obligations.

We are of the opinion that the plaintiff was entitled to the protection afforded by the restrictive covenant, and finding no prejudicial error in the record, the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.